**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**KYRA DE LODZIA**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**FITNESS ACQUISITIONS LLC**,

Defendant.

Case No.: 5:26-cv-8399

Hon.:

**COMPLAINT AND JURY DEMAND**

Plaintiff Kyra de Lodzia ("Plaintiff"), by and through her undersigned counsel, brings this individual action against Defendant Fitness Acquisitions LLC ("Defendant") to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101 *et seq.*

**NATURE OF THE ACTION**

1. Defendant owns and operates franchised fitness facilities, including a Snap Fitness 24/7 gym in Walnutport, Pennsylvania, where Plaintiff worked as the gym's manager.

2. Defendant classified Plaintiff as an independent contractor and reported her compensation on Forms 1099-NEC. In economic reality, Plaintiff was Defendant's employee: she continuously performed the day-to-day work necessary to operate its gym, worked for its business rather than an independent business of her own, and depended on Defendant for her compensation.

3. After an initial part-time period, Plaintiff worked full time, regularly worked approximately fifty to sixty hours per week, and received a fixed payment of $700 per week without additional overtime compensation.

4. Defendant's independent-contractor classification and failure to pay overtime violated the FLSA and PMWA. Plaintiff seeks unpaid overtime, FLSA liquidated damages, reasonable attorneys' fees and costs, and other available relief.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

6. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania state law claim under 28 U.S.C. § 1367 because it arises from the same employment relationship, classification, work, and compensation practices as her FLSA claim.

7. This Court has personal jurisdiction over Defendant because Defendant operated the Pennsylvania gym where Plaintiff worked and the claims arise from that Pennsylvania employment. Defendant maintained its principal place of business at 2655 Halleck Drive, Whitehall, Pennsylvania 18052, within this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this District, including Plaintiff's work at Defendant's Walnutport, Pennsylvania gym in Northampton County. Venue is also proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant resides in this District for venue purposes.

**THE PARTIES**

9. Plaintiff Kyra de Lodzia is an adult resident of Palmerton, Pennsylvania.

10. Plaintiff worked for Defendant at its Walnutport, Pennsylvania gym as the gym manager. She began working part time in Fall 2022 and transitioned to full-time work in approximately February 2023. Her employment ended on July 10, 2026.

11. Defendant Fitness Acquisitions LLC is a limited liability company that owns and operates franchised fitness facilities, including the Walnutport gym.

12. Defendant employed Plaintiff within the meaning of the FLSA and PMWA, notwithstanding its designation of her compensation as 1099 nonemployee compensation.

## FACTUAL ALLEGATIONS

**Plaintiff's Work and Defendant's Control**

13. Plaintiff performed the work necessary to keep Defendant's Walnutport gym operating, including assisting and recruiting members, processing insurance paperwork, maintaining the facility, ordering supplies, handling emails and administrative records, and coordinating repairs.

14. Plaintiff also performed insurance-claim work from Pennsylvania for another facility in Delaware associated with Defendant's fitness business.

15. Defendant held Plaintiff out as the gym's manager. Her business card identified her as "Manager" of Snap Fitness 24/7 in Walnutport and displayed the gym's branded email address and telephone number.

16. Plaintiff performed her work for Defendant's gym and its members, rather than providing discrete projects or services to a separate customer base of her own.

17. Defendant, through its owners and management, retained authority over Plaintiff's work assignments, compensation, continued employment, and the operations of the gym.

18. Plaintiff reported to the gym's owners concerning her work and employment status. Ian Feinstein and Josh Gier exercised ownership or management authority over the business during her employment.

19. Defendant required or expected Plaintiff to handle the gym's operational needs, including work away from the gym, emergency issues, and early-morning or overnight supervision of repair crews.

**Defendant Employed Plaintiff**

20. Plaintiff's relationship with Defendant was continuous and lasted more than three years. Her work was part of the regular operation of Defendant's business, rather than a temporary engagement to complete a specific project.

21. Plaintiff's compensation was a fixed salary on a weekly basis. Once she transitioned to full-time work, she received approximately $700 per week regardless of how many hours she worked.

22. Plaintiff's pay was not based on the profitability of an independently operated business, the completion of separately priced projects, or profits and losses arising from entrepreneurial decisions. Working additional hours for Defendant did not generate additional compensation.

23. Defendant controlled the gym premises, fitness equipment, and business infrastructure used to serve its members. Plaintiff did not own the gym or make a capital investment in that fitness business comparable to Defendant's investment.

24. Plaintiff did not employ a staff of her own to perform the gym's work. She personally performed the work and was the only person staffing the Walnutport facility.

25. Plaintiff used her experience to perform gym operations and administrative tasks for Defendant. She did not offer those tasks to Defendant through an independently established enterprise competing in the market.

26. Plaintiff's work was integral to Defendant's business because it provided the staffing, member services, and daily operations necessary to run the gym.

27. Plaintiff worked fifty to sixty hours per week on average and had no opportunity, and Defendant had no expectation, that Plaintiff engage in any work outside of her working relationship with Defendant.

28. Plaintiff was economically dependent on her employment with Defendant.

29. Taken together, Defendant's control, Plaintiff's fixed compensation and lack of entrepreneurial opportunity, the parties' relative investments, the ongoing nature of the relationship, and the integral nature of Plaintiff's work establish that she was economically dependent on Defendant and was its employee.

30. Defendant's use of Forms 1099-NEC and the independent-contractor label did not change the economic reality of the relationship.

**Hours Worked and Failure to Pay Overtime**

31. During her full-time employment, Plaintiff typically worked at the gym Monday through Friday beginning at approximately 9:00 or 9:30 a.m. and continuing until approximately 6:00 or 7:00 p.m.

32. Plaintiff also typically worked at the gym on Saturdays and Sundays from approximately 9:00 a.m. until 1:00 p.m.

33. In addition to that work at the gym, Plaintiff regularly performed approximately one hour or more of actual work at home each day, including emails, insurance paperwork, and other tasks for Defendant.

34. Plaintiff sometimes performed additional work early in the morning, in the evening, or overnight to address emergencies and supervise repair crews.

35. These activities regularly resulted in approximately fifty to sixty hours of work in a workweek during Plaintiff's full-time employment.

36. Defendant knew or should have known that Plaintiff worked more than forty hours in a workweek because she alone staffed the gym, handled its weekday and weekend operations, and performed the additional work Defendant required or permitted.

37. Defendant did not require Plaintiff to clock in or clock out and did not provide her with records accurately accounting for all of her hours worked.

38. Defendant paid Plaintiff the same $700 weekly amount in overtime workweeks without separately computing or paying overtime.

39. Plaintiff seeks overtime for each compensable hour worked over forty in a workweek during the applicable limitations periods.

**Plaintiff Did Not Qualify for an Overtime Exemption**

40. Although Defendant called Plaintiff a manager, she had no employees or independent contractors working under her at the Walnutport gym. She did not customarily and regularly direct the work of two or more full-time employees or their equivalent.

41. Plaintiff therefore did not satisfy the requirements for the executive exemption.

42. Plaintiff's primary duty was performing the gym's daily operational and member-service work. Upon information and belief, she did not have authority to formulate Defendant's management policies, commit Defendant on significant business matters, or exercise discretion and independent judgment on matters of significance of the kind required for the administrative exemption.

43. Plaintiff's work did not require advanced knowledge in a field of science or learning customarily acquired through a prolonged course of specialized intellectual instruction. She was not employed in a learned professional capacity.

44. Plaintiff's actual duties and employment circumstances did not satisfy an applicable overtime exemption under either the FLSA or PMWA.

**Defendant Willfully Misclassified Plaintiff**

45. Plaintiff regularly performed interstate business work by handling insurance claims and related communications from Pennsylvania concerning the Delaware fitness facility. That work involved communications and transactions across state lines in the ordinary course of Defendant's business.

46. Plaintiff was individually covered by the FLSA because her recurring work involved interstate commerce within the meaning of 29 U.S.C. §§ 203(b) and 207(a)(1).

47. Plaintiff repeatedly asked Defendant to treat her as a W-2 employee rather than a 1099 independent contractor.

48. In response, Defendant's co-owner Josh Gier directed Plaintiff to complete ADP onboarding for an entity identified to her as KTJ Sports LLC. Plaintiff contacted ADP but was unable to complete onboarding because ADP had no record of the company or the necessary paperwork. Defendant continued treating her as an independent contractor.

49. When Plaintiff continued raising her classification, Gier threatened to end Plaintiff's employment if she pursued the issue.

50. Defendant knew Plaintiff's actual work, the ongoing nature of her role, her lack of subordinate staff, and her extended schedule. Upon information and belief, Defendant knew or recklessly disregarded that its contractor classification did not eliminate its obligation to pay overtime to an employee performing that work.

51. Defendant nevertheless continued paying Plaintiff a fixed weekly salary amount without overtime payments. Its FLSA violations were willful within the meaning of 29 U.S.C. § 255(a), and it lacked a good-faith and reasonable basis for withholding the overtime required by law.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

52. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

53. Defendant was Plaintiff's employer and Plaintiff was Defendant's employee under 29 U.S.C. § 203(d), (e), and (g). Plaintiff was engaged in interstate commerce and was not exempt from the FLSA's overtime requirements.

54. Under 29 U.S.C. § 207, Defendant was required to pay Plaintiff overtime compensation at one and one-half times her regular rate for hours worked over forty in a workweek.

55. Defendant violated 29 U.S.C. § 207 by misclassifying Plaintiff as an independent contractor and failing to pay the required overtime compensation in workweeks when she worked more than forty hours.

56. Defendant's violations were knowing and willful, entitling Plaintiff to recover unpaid overtime accruing within the three-year limitations period.

57. As a result of the foregoing, Plaintiff was injured and seeks appropriate relief against Defendant including unpaid wages (including unpaid overtime), an additional equal amount in liquidated damages (double damages), reasonable attorneys' fees and costs, interest, and all other relief just and appropriate under the circumstances.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT, 43 P.S. §§ 333.101 FAILURE TO PAY OVERTIME

58. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

59. Defendant was an employer and Plaintiff was an employee within the meaning of 43 P.S. § 333.103(f), (g), and (h). Plaintiff performed her work in Pennsylvania and was not exempt from the PMWA's overtime requirements.

60. The PMWA and its implementing regulations required Defendant to pay Plaintiff overtime at not less than one and one-half times her regular rate for all hours worked over forty in a workweek. 43 P.S. § 333.104(c); 34 Pa. Code § 231.41.

61. Plaintiff's fixed weekly compensation for ongoing employment was a salary, rather than a payment for a discrete job or a day rate. Plaintiff was not paid additional compensation for working more than forty hours in a workweek.

62. Defendant violated the PMWA by misclassifying Plaintiff as an independent contractor and failing to pay her the overtime compensation required for hours worked over forty in a workweek.

63. Plaintiff's remedies under the FLSA are inadequate in this case to the extent Defendant paid her more than the federally mandated minimum wage of $7.25 per hour, but less than forty (40) hours per week (i.e., "gap time" claims).

64. Under 43 P.S. § 333.113, Plaintiff is entitled to recover her unpaid overtime compensation, reasonable attorneys' fees, and costs, together with interest to the extent permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant and award the following relief:

A. An Order declaring Defendant willfully violated the FLSA;

B. An Order declaring Defendant willfully violated the PMWA;

C. A judgement awarding all unpaid wages, liquidated damages, and/or penalty damages to Plaintiff;

D. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in prosecuting this action;

E. An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

F. An Order awarding such other and further relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

Date: November 3, 2026

Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch (PA 56887)
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburg, Pennsylvania 15222
(412) 322-9243
gary@lcllp.com

Ethan C. Goemann (GA Bar No. 326816)
(*Pro Hac Vice* forthcoming)
SOMMERS SCHWARTZ, P.C.
119 East Court Square, Suite 205
Decatur, GA 30030
(248) 746-4050
egoemann@sommerspc.com

*Counsel for Plaintiff*